UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BERNADETTE GUINN,

    Plaintiff,

vs.

YELLOW CHECKER STAR, INC.,

    Defendant.

Case No. 2:15-cv-00344-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (#1), filed on February 26, 2015.

## BACKGROUND

Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and the Age Discrimination Act in Employment Act. Plaintiff claims Defendant engaged in a pattern of discrimination against Plaintiff that eventually resulted in Plaintiff's termination.

## DISCUSSION

**I.   Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v.*

1 *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

**III.     Instant Complaint**

      **A. Race and Gender Discrimination**

Plaintiff alleges discrimination under Title VII of the Civil Rights Act of 1964.  Plaintiff offers few details of the alleged discrimination, but claims it "included harassment, sexual harassment, false accusations of misconduct, forgery, and fraud."  Plaintiff offers no further details, and does not offer any basis for the discrimination.  Therefore, the Court will dismiss the discrimination claim for failure to state a claim upon which relief can be granted.  Assuming that the Plaintiff intended to state a claim for race or gender discrimination, she would be required to plead sufficient facts to establish a prima facie case of discrimination.  The harassment claims will be addressed separately.

A claim of discrimination requires that the plaintiff make a prima facie showing of discrimination before shifting the burden to the defendant to articulate a legitimate reason for the employer's behavior, which would finally shift the burden back to the plaintiff to show that the given reason is a pretext offered by the employer to conceal the discriminatory purpose.  *See Norton v. PHC-Elko, Inc.,* 2014 WL 4635935 at *3. (D. Nev. 2014) *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  A prima facie case of race or gender discrimination requires a showing that the plaintiff was (1) a member of a protected class, (2) performing according to the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) similarly situated employees outside her protected class were treated more favorably.  *See Pulliam v. United Airlines, Inc.,* 2012 WL 3025087 at *3 (D. Nev. 2012), *aff'd* 585 F. App'x. 408 (9th Cir. 2014); *McDonnell Douglas Corp v. Green,* 411 U.S. 792, 802 (1973).   Because Plaintiff offered no facts to support her discrimination claim, this claim has not been properly pled.  However, the Court

cannot conclude that the Plaintiff could never properly plead her discrimination claim.  Therefore, the Plaintiff's discrimination claim will be dismissed with leave to amend.

**B. Americans with Disabilities Act**

In the first paragraph of Plaintiff's Complaint, titled "Jurisdiction," she indicates that she will be bringing a claim under the Americans with Disabilities Act (ADA).  Plaintiff does not offer any details about a potential claim under the ADA in the rest of the complaint.  The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities.  42 U.S.C. § 12112(a).  To qualify for relief under the ADA, Plaintiff must show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability." *Puckett v. Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v. Countrywide Home Loans, Inc.*, 220 F.33d 1154, 1156 (9th Cir. 2000)).  Plaintiff does not indicate in her complaint that she is disabled or what discrimination she was subjected to because of her alleged disability.  Plaintiff also does not argue that she was qualified to perform the essential functions of her job.  The Plaintiff has not properly pled a claim for disability discrimination, but the Court cannot conclude that she could never properly plead this claim.  The Court will therefore dismiss Plaintiff's disability discrimination claim with leave to amend.

**C. Age Discrimination**

Plaintiff alleges that the Defendant discriminated against her based on her age, in violation of the Age Discrimination in Employment Act (ADEA).  To establish a prima facie case of age discrimination, the Plaintiff must show that (1) she is at least 40 years of age, (2) she was performing her job satisfactorily, (3) she was fired, and (4) she was replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances that give rise to an inference of age discrimination.  *U.S. E.E.O.C. v. Republic Services, Inc.*, 640 F.Supp.2d 1267 (D. Nev. 2009) (citing *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008)).  Plaintiff does not list her age in the complaint, and does not discuss her own job performance.  Plaintiff does allege that she was fired, but offers no evidence that her job was

given to a younger employee.  Plaintiff has failed to properly plead a claim for age discrimination, but the Court cannot conclude that she could never properly plead this claim.  Therefore, the Court will dismiss this claim with leave to amend.

### D. Harassment

Plaintiff states that she suffered from both harassment and sexual harassment.  Because the Plaintiff alleges that the Defendant's actions were constituted a "sustained pattern of discrimination," the Court interprets Plaintiff's claim as one for hostile work environment based on race and sexual harassment.  Sexual harassment claims may also be pled as quid pro quo harassment.  *Vandermeer v. Douglas County*, 15 F.Supp.2d 970, 979 (D. Nev. 1998).  The Court will analyze the Plaintiff's claims under both categories of sexual harassment.

In order to properly plead a hostile work environment claim, the Plaintiff must show that she was (1) subjected to verbal or physical conduct of a sexual nature or because of race; (2) that the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment.  *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F.Supp.2d 1185, 1193 (D. Nev. 2011).  Plaintiff offers no facts to support a claim for hostile work environment: she does not detail any conduct directed at her that was unwelcome, and she does not allege that the conduct was sufficiently severe or pervasive to create an abusive work environment.  The claim for hostile work environment is not properly pled.

To properly plead a quid pro quo sexual harassment claim, the Plaintiff must show that "an individual explicitly or implicitly condition[ed] a job, a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." *Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir. 1995) (quoting *Nichols v. Frank*, 42 F.3d 503, 511 (9th Cir. 1994)).  Plaintiff makes no such allegations.  This claim has also not been properly pled, but the Court cannot conclude that the Plaintiff could never properly plead a harassment claim. Therefore, the Plaintiff's harassment claim will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **August 6, 2015** to file an amended complaint correcting the noted deficiencies.

DATED this 7th day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge