1
2
3                    **UNITED STATES DISTRICT COURT**
4                         **DISTRICT OF NEVADA**
5
6    BERNADETTE GUINN,                    )
7                    Plaintiff,           )        Case No. 2:15-cv-00344-APG-GWF
                                          )
8    vs.                                  )        **ORDER**
                                          )
9    YELLOW CHECKER STAR, INC.,           )
                                          )
10                  Defendant.            )
     _____   )
11
12           This matter is before the Court on Plaintiff's Supplement to the Complaint (#3), filed on
13   August 6, 2015.
14                              **BACKGROUND**
15           Plaintiff was instructed by the Court to file an Amended Complaint, as her initial Complaint
16   (#1-1) was dismissed without prejudice.  *See* Order (#2).  Plaintiff subsequently filed this
17   Supplement, which the Court will screen as an Amended Complaint.  Plaintiff claims that the
18   Defendant is liable for discrimination, defamation, slander, negligent infliction of emotional
19   distress, and harassment.
20   **I.      Screening the Complaint**
21           Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
22   complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
23   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which
24   relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is
25   immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be
26   dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a
27   doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to
28   relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed

as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

2

## II.    Instant Complaint

### A. Discrimination

Plaintiff alleges that the Defendant is liable for discrimination for "not following their own policy/procedure of providing notification to employees of renewal requirements and deadlines." Supplement (#3), p.2.  She believes that they discriminated against her based on "health, age, and gender related issues." *Id*.  Plaintiff is required to establish a prima facie case of discrimination before the burden shifts to the Defendant to articulate a legitimate reason for its behavior. *See Norton v. PHC-Elko, Inc.*, 46 F.Supp.3d 1079, 1077 (D. Nev. 2014) citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  A prima facie case of discrimination requires a plaintiff to show (1) membership in a protected class, (2) performance according to the employer's legitimate expectation, (3) an adverse employment action, and (4) that similarly situated employees outside the protected class were treated more favorably. *See Pulliam v. United Airlines, Inc.*, No. 2:10-cv-01406-MMD-GWF, 2012 WL 3025087 at *3 (D. Nev. 2012) *aff'd* 585 F. App'x. 408 (9th Cir. 2014).  Plaintiff alleges that she was treated differently because she suffered from migraines, but offers no examples of other employees being treated more favorably.  She does not specify her age, so it cannot be determined if younger similarly situated employees were treated more favorably.  She also makes no claims that male employees were treated more favorably than she was.  Allegations that she was simply singled out compared to her co-workers are insufficient to state a claim for discrimination.

### B. Defamation/Slander

Plaintiff alleges that Defendant fabricated statements involving her forging documents or sleeping in class.   In order to properly plead a claim for defamation, Plaintiff must show that there was "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages." *Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D. Nev. 2003) quoting *Pegasus v. Reno Newspapers*, 57 P.3d 82, 90 (Nev. 2002).  Plaintiff has established that statements were made that she argues were false, and that those statements caused her harm, but she has not established that the defendant was actually at fault or that the statements were made to third parties.

1  Plaintiff has therefore not properly pled a claim for defamation.

2        A claim for slander includes all the elements of defamation, but also requires "a showing of

3  special damages unless the defamatory statement is slanderous per se." *Lambey v. Nevada ex rel.*

4  *Dept. of Health and Human Services*, No. 2:07-cv-01268-RLH-PAL, 2008 WL 2704191 at *5 (D.

5  Nev. 2008) citing *Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981).  "A statement is

6  slanderous per se if it (1) imputes commission of a crime; (2) injures the plaintiff's trade, business,

7  or office; (3) imputes contraction of a loathsome disease; or (4) imputes unchastity in a woman."

8  *Id*.  Plaintiff may have sufficiently established that the statements were slanderous per se: an

9  accusation of forgery may be sufficient to injure the plaintiff's trade, business, or office, and may

10  constitute an allegation of criminal activity.  Nevertheless, because Plaintiff did not properly plead

11  a claim for defamation, she has also not properly pled a claim for slander per se.

12        **C. Negligent Infliction of Emotional Distress**

13        Plaintiff alleges the actions taken by Defendant have resulted in "great anguish, humiliation,

14  despair, depression, and financial distress."  Supplement (#3), p.2.  The Nevada Supreme Court has

15  recognized that a wrongfully terminated employee may bring an action for negligent infliction of

16  emotional distress ("NIED") as the direct victim of a defendant's negligent actions.  *See State v.*

17  *Eighth Judicial Dist. Court ex rel County of Clark (Anzalone)*, 42 P.3d 233, 241 (Nev. 2002) citing

18  *Shoen v. Amerco*, 896 P.2d 469, 476 (Nev. 1995).  Though the cause of action has been specifically

19  recognized, the Nevada Supreme Court has yet to adequately identify the elements of a claim for

20  NIED in a wrongful termination suit.  *Compare Anzalone*, 42 P.3d at 241 (requiring a showing of

21  "extreme and outrageous conduct) with *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev.

22  1998) (not requiring a showing of extreme and outrageous conduct).  This Court will apply the

23  elements detailed in *Besserman v. California Factors and Finance (Arizona)*, 2013 WL 6002877 at

24  *5 (D. Nev. 2013): "(1) the defendant acted negligently, (2) either a physical impact or, in the

25  absence of a physical impact, proof of a serious emotional distress causing physical injury or

26  illness, and (3) actual or proximate causation."  *See also Barmettler*, 956 P.2d at 1387 and *Minshew*

27  *v. Donley*, 911 F.Supp.2d 1043, 1063 (D. Nev. 2012).  Plaintiff has not pled sufficient facts to show

28  negligence on the part of Defendant, serious emotional distress causing physical injury or illness, or

that Defendant's actions caused Plaintiff's injuries.  Allegations that Plaintiff has suffered "great anguish, humiliation, despair, depression, and financial distress" are insufficient.  Therefore, Plaintiff has not properly pled a claim for negligent infliction of emotional distress.

### D. Harassment

Plaintiff alleges that the Defendant's actions "as a whole in their cumulative effect are the basis for my claim of harassment."  Supplement (#3), p. 2.  Plaintiff does not specify what type of harassment she is pleading, but the complaint suggests that she is pleading hostile work environment based on age and gender.  This requires Plaintiff to establish that she was subjected to verbal or physical harassment due to her age or gender, that the conduct was unwelcome, and that the conduct was sufficiently pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.  *Kang v. U. Lim. America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002); *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998).  Plaintiff presents no facts to indicate that her age or gender specifically led to Defendant's actions, and she fails to allege sufficient facts to show that Defendant's actions were so pervasive as to create an abusive work environment.  Therefore, Plaintiff has failed to properly plead a claim for harassment.

### E. Retaliation

Plaintiff alleges that Defendant's actions were part of "a pattern of harassment and retaliation" that occurred throughout her employment and ended with her termination.  Supplement (#3), p.2.  In order to properly plead a retaliation claim, Plaintiff must show she (1) engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action.  *See Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).  The final element of causation is determined by the traditional principles of "but-for" causation.  *See University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013).  Plaintiff indicates that she attempted to utilize her union benefits, but does not specifically identify what actions she took or what specific response Defendant had to her protected activities.  Therefore, Plaintiff has failed to properly plead a claim for retaliation.

The Court will dismiss Plaintiff's Complaint without prejudice, so that she may amend her

complaint to correct the noted deficiencies.  If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Supplement to the Complaint (#3) is **dismissed**, without prejudice, and with leave to amend.

**IT IS FURTHER ORDERED** that the Plaintiff is to file an Amended Complaint no later than **November 16, 2015**.

**DATED** this 16th day of October, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

6