1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6
7   BERNADETTE GUINN,                    )
8                  Plaintiff,            )          Case No. 2:15-cv-00344-APG-GWF
                                         )
9   vs.                                  )          **ORDER**
                                         )
10  YELLOW CHECKER STAR, INC.,           )
                                         )
11                 Defendant.            )
    _____)
12
13          This matter is before the Court on the screening of Plaintiff's Amended Complaint (ECF
14  No. 7), filed on December 7, 2015.  Plaintiff's request to proceed *in forma pauperis* was previously
15  granted on July 7, 2015.
16                          **BACKGROUND**
17          Plaintiff alleges that Defendant violated the Americans with Disabilities Act because
18  Plaintiff was subjected to "harassment, hostility, false accusations and lack of accommodations"
19  that resulted in her wrongful termination.  Plaintiff asserts that she suffers from Attention Deficit
20  Disorder/Attention Deficit Hyperactivity Disorder (ADD/ADHD) as well as from chronic
21  migraines.
22                          **DISCUSSION**
23  **I.      Screening the Complaint**
24          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
25  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
26  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which
27  relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is
28  immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be

1  dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

2  doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

3  relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed

4  as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke*

5  *v. Williams*, 490 U.S. 319, 327–28 (1989). In determining if a complaint is frivolous, the Court

6  need not accept the allegations as true, but "pierce the veil of the complaint's factual allegations" to

7  determine the truth. *Neitzke*, 490 U.S. at 327. Moreover, "a finding of factual frivolousness is

8  appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

9  whether or not there are judicially noticeable facts available to contradict them." *Denton v.*

10  *Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the

11  plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,

12  unless it is absolutely certain from the face of the complaint that the deficiencies could not be cured

13  by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Franklin v.*

14  *Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

15        When screening a pro se complaint, the Court should liberally construe the pleading.

16  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A liberal construction may only be applied

17  to factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). This is the limit of the

18  liberal construction; it "may not supply essential elements of that claim that were not initially pled."

19  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Dismissal of a

20  complaint for failure to state a claim upon which relief may be granted is provided for in Federal

21  Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2)

22  when reviewing the adequacy of a complaint or amended complaint.

23        Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See*

24  *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure

25  to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

26  of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th

27  Cir. 1999). In making this determination, the Court takes as true all allegations of material fact

28  stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.

*See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

## II.     Instant Complaint

Plaintiff's first Complaint (ECF No. 1-1) was dismissed by this Court with leave to amend on July 7, 2015.  *Screening Order* (ECF No. 2).  The Complaint vaguely referenced claims of race and gender discrimination, the Americans with Disabilities Act, age discrimination, and harassment.  However, Plaintiff's Complaint failed to properly plead any of those claims because she failed to provide any supporting factual details.  *See id.*  The Court could not determine, however, that Plaintiff could never properly plead the claims and allowed Plaintiff leave to amend the deficiencies in her Complaint.

Plaintiff's Amended Complaint (ECF No. 7) appears to be solely alleging that Defendant violated the Americans with Disabilities Act ("ADA") by discriminating against her based on her disabilities, wrongfully terminating her based on her disabilities, and harassed and retaliated against her based on her disabilities.  *Amended Complaint* (ECF No. 7), pg. 4.  The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities.  42 U.S.C. § 12112(a).  To qualify for relief under the ADA, Plaintiff must show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability."  *Puckett v. Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v. Countrywide Home Loans, Inc.*, 220 F.33d 1154, 1156 (9th Cir. 2000)).

Plaintiff sufficiently established that she may be entitled to relief under the ADA.  First, Plaintiff adequately asserts that she is a disabled person within the meaning of the statute.  Under

1  the ADA, an individual is considered disabled if: (1) the person is substantially impaired with

2  respect to a major life activity; (2) the person has a record of such an impairment; or (3) the person

3  is regarded as having such an impairment. 42 U.S.C. § 12102(1).  A "major life activity" is defined

4  as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking,

5  standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking,

6  communicating, and working." 42 U.S.C. § 12102(2)(A).  Plaintiff represents that her chronic

7  migraines and ADD/ADHD substantially impair her ability to work and that she provided medical

8  documentation that verified her medical issues and conditions. *Amended Complaint* (ECF No. 7),

9  pg. 3.  Moreover, Plaintiff asserts that Defendant failed to accommodate her disabilities so that she

10  could perform the essential functions of the job and as a result wrongfully terminated her based on

11  her disabilities. *See generally id.*  Therefore, the Court finds that Plaintiff has sufficiently alleged a

12  claim under the ADA and will allow Plaintiff's Amended Complaint to proceed.  Accordingly,

13       **IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Amended Complaint

14  (ECF No. 7).

15       **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the

16  Defendant named in the amended complaint and deliver the summons to the U.S. Marshal for

17  service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall

18  have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las

19  Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the

20  completed USM-285 forms from the U.S. Marshal, she has twenty (20) days to file a notice with

21  the court identifying if Defendant was served.  If Plaintiff wishes to have the U.S. Marshal attempt

22  service again on any unserved defendant, then a motion must be filed with the court identifying the

23  unserved defendant, specifying a more detailed name and address and indicating whether some

24  other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil

25  Procedure, service must be accomplished within ninety (90) days from the date that the complaint

26  was filed.

27  . . .

28  . . .

4

1   **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its

2   attorney if it has retained one, a copy of every pleading, motion, or other document submitted for

3   consideration by the court.  Plaintiff shall include with the original paper submitted for filing a

4   certificate stating the date that a true and correct copy of the document was mailed to Defendant or

5   its counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or

6   the Clerk which fails to include a certificate of service.

7   DATED this 26th day of October, 2016.

9   _George Foley Jr._

10  GEORGE FOLEY, JR.
    United States Magistrate Judge

5